KOG:USAO#2011R00105

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 NOV 26 A 9 34

CLERK'S OFFICE
AT BALTIMORE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * CRIMINAL NO. JFM-13-0656 |
| | (Conspiracy to Commit Bank Fraud, 18 U.S.C. § 1349) |
| v. | * |
| | * |
| JEFFREY DAIL, | |
| | * |
| Defendant | |
| | * |

...ooOoo...

## INFORMATION

The United States Attorney for the District of Maryland charges:

At all times pertinent to this Information:

1. SunTrust ("the Bank") was located in Salisbury, Maryland. The Bank was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation.

2. **JEFFREY DAIL**, the defendant, was a resident of Cambridge, Maryland.

3. Co-Conspirator #1 was a resident of Cambridge, Maryland who worked at the Bank as a loan and settlement processor. Co-Conspirator #1 was not an actual employee of the Bank, but instead, performed loan processing functions through a private arrangement with the Bank's manager. Co-Conspirator #1 had access to the Bank's premises, its computer system and files, and represented herself as a Bank employee to title companies and other businesses.

### The Conspiracy

4. From in or about January 2006, and continuing until in or about August, 2009, in

the District of Maryland and elsewhere, the defendant

**JEFFREY DAIL,**

Co-Conspirator #1 and others, known and unknown to the United States Attorney for the District of Maryland, did conspire and agree with each other to knowingly and willfully commit bank fraud in violation of 18 U.S.C. § 1344, that is to engage in a scheme to obtain and attempt to obtain monies, funds, and credits owned by or under the custody and control of SunTrust Bank by means of material false and fraudulent pretenses, representations and promises.

<u>Manner and Means of the Conspiracy</u>

5. It was part of the conspiracy and scheme to obtain monies that **DAIL** and Co-Conspirator #1 submitted applications to the Bank for mortgage loans in the names of **DAIL's** various family members without the knowledge or permission of those family members.

6. It was further part of the conspiracy and scheme to obtain monies that **DAIL** and Co-Conspirator #1 forged and caused to be forged the signatures of the family members and various Bank officials on the loan applications.

7. It was further part of the conspiracy and scheme to obtain monies that **DAIL** and Co-Conspirator #1 listed and caused to be listed certain of the family members' properties as collateral for the loans without the knowledge or permission of those family members.

8. It was further part of the conspiracy and scheme to obtain monies that Co-Conspirator #1 caused employees at a local title company to notarize the forged signatures of the family members and to proceed to settlement on the loans.

9. It was further part of the conspiracy and scheme to obtain monies that on or about July 12, 2006, **DAIL** and Co-Conspirator #1 caused the Bank to rely on a false and fraudulent loan application to authorize and fund a mortgage loan for 1024 River Point Road, Cambridge,

Maryland in the amount of $255,500.

10. It was further part of the conspiracy and scheme to obtain monies that on or about July 14, 2008, **DAIL** and Co-Conspirator #1 caused the Bank to rely on a false and fraudulent loan application to authorize and fund a mortgage loan for 612 Twin Point Cove Road in Cambridge, Maryland in the amount of $250,000.

11. **DAIL** received some of the loan proceeds from the River Point Road and Twin Point Cover Road transactions and used those funds to pay for various personal expenses and items.

12. At all times, **DAIL** knew that he was not entitled to the monies that he and Co-Conspirator #1 caused the Bank to issue as a result of the fraudulent loan applications.

18 U.S.C. §1349

November 26, 2013
Date

Rod J. Rosenstein
United States Attorney